# In the United States Court of Federal Claims

No. 20-601C
Filed: June 3, 2020
NOT FOR PUBLICATION

| | |
|---|---|
| **RYAN WEINSCHENK,**<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES,**<br><br>*Defendant*. | |

### OPINION & ORDER

**Tapp**, Judge.

    On May 13, 2020, Plaintiff, Mr. Ryan Weinschenk ("Weinschenk"), proceeding *pro se*, filed a Complaint in this Court, alleging he "was continuously and deliberately harmed over 20+ years by direct and indirect action" of the Central Intelligence Agency, Indiana State Police, and other federal, state, and local government entities. (*See* Compl., ECF No. 1). In addition, Weinschenk filed a Motion to Proceed Under Seal, claiming the allegations contained in the complaint would impact unspecified criminal proceedings and the upcoming presidential election. (ECF No. 2). On May 27, 2020, Defendant, the United States, filed a Motion to Dismiss for lack of subject-matter jurisdiction and/or for failure to state a claim upon which relief can be granted, which also stated an opposition to Weinschenk's Motion to Proceed Under Seal. (ECF No. 8). On June 1, 2020, Weinschenk filed his response. (ECF No. 9). Although the United States' reply brief in support of its Motion to Dismiss is not due until June 18, 2020, the Court does not believe additional briefing is necessary to rule on this matter.

    Accordingly, there being no just cause for delay and for the reasons set forth below, the Court **DENIES** Weinschenk's Motion to Proceed Under Seal and **GRANTS** the United States' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). As the Court finds subject matter jurisdiction to be lacking, there is no occasion to address the United States' alternative theory of dismissal under RCFC 12(b)(6).

    As an initial matter, with regard to Weinschenk's Motion to Proceed Under Seal, there is a "strong presumption in favor of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Nevertheless, courts have "discretion to seal documents if the public's right of access is outweighed by competing interests." *Black v. United States*, 24 Cl. Ct. 461, 464 (1991). The party seeking to limit the disclosure of discovery materials must show that "specific

prejudice or harm will result if no protective order is granted." *In re Violation of Rule 28(D)*, 635 F.3d at 1357–58 (Fed. Cir. 2011) (citing *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002). Here, however, Weinschenk's vague references to unspecified criminal proceedings and the upcoming presidential election are insufficient to overcome the "strong presumption in favor of public access to court proceedings." *See id.* at 1356. Weinschenk has not identified any "criminal proceedings" that would be impacted by the present suit, nor has he explained how his allegations relate to any such proceedings or the presidential election. Thus, Weinschenk has failed to show that "specific prejudice or harm will result" if his motion is not granted. *See id.* at 1357.

Turning to the United States' Motion to Dismiss, the Court agrees that Weinschenk has failed to establish subject matter jurisdiction. Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The burden of establishing subject matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While a *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. § 1491. The Tucker Act limits this Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify a "money-mandating" source of law to support a claim for money damages. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the claim is not based on a "money-mandating" source of law, then it lies beyond the jurisdiction of this Court. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

In his Complaint, Weinschenk alleges that he was "continuously and deliberately harmed over 20+ years by direct and indirect action of a federal agency directing employees from additional federal, state, and local government entities to take actions against [him] without a favorable outcome." (Compl. at 1). Specifically, Weinschenk alleges, *inter alia*:

> Employee[s] of the Central Intelligence Agency directed assets with casting [Weinschenk] in the role of "Jesus" with surname translation "blood of Christ." Contractors within the Indiana State Police (understood as Roman state) then proceeded to persecute [Weinschenk] outside the courts to force a life of poverty because of this surname deliberately ruining [Weinschenk's] education, career, relationships, along with other actions to the point federal employees became suspicious. [Weinschenk] has never actually charged to

>   the best of his knowledge and these actions are intended to leave [Weinschenk] in a position where a career would not be viable.

(Compl. at 1–3).

Assuming these allegations are true and drawing all inferences in the light most favorable to Weinschenk, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), these claims are not founded upon the Constitution, any act of Congress, or any express or implied contract with the United States. *See* 28 U.S.C. § 1491. Rather, these claims "sound in tort" and therefore fall outside the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *not sounding in tort*") (emphasis added). Moreover, even if Weinschenk's claims were sufficient for purposes of the Tucker Act, Weinschenk has not identified a "money-mandating" source of law that would bring his claims within the jurisdiction of this Court. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). Consequently, Weinschenk has failed to establish subject-matter jurisdiction and his claims must be dismissed. RCFC 12(h)(3). In light of this, there is no occasion to address the United States' alternative theory of dismissal pursuant to RCFC Rule 12(b)(6).

For the reasons stated above, the Court hereby **DENIES** Weinschenk's Motion to Proceed Under Seal and **GRANTS** the United States' Motion to Dismiss for lack of subject matter jurisdiction pursuant to RCFC Rule 12(b)(1). As such, there is no occasion to address the United States' alternative theory of dismissal pursuant to RCFC Rule 12(b)(6).

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge